### 21009.   BOARD OF COMMISSIONERS OF RICHMOND COUNTY v. THOMPSON *et al.*

MOBLEY, Justice.   The appeal is from a judgment of the Superior Court of Richmond County declaring null and void a resolution of the City-County Planning and Zoning Commission of Richmond County recommending the approval of an application of one R. W. Best to rezone certain property located on Wrightsboro Road in Richmond County, to permit the sale of alcoholic beverages thereon, and enjoining the defendant, the Board of Commissioners of Roads and Revenues of Richmond County, from adopting the resolution or taking any action on the application for the zoning of the property so as to allow the sale of alcoholic beverages thereon. *Held:*

The controlling question is whether, at the time the City-County Planning and Zoning Commission of Richmond County adopted the resolution of January 11, 1960, recommending that the property of the applicant, R. W. Best, be zoned to permit the selling of alcoholic beverages, the commission was acting under authority of the act approved February 21, 1951 (Ga. L. 1951, p. 481), or whether the commission was constituted and acting under and pursuant to the general zoning act approved March 13, 1957 (Ga. L. 1957, p. 420). The general

zoning act of 1957 provides that it shall become effective upon its adoption by the governing authority of any municipality or county, or both, and that any municipality or county that already has a planning and zoning authority may continue to operate under the older law authorizing such planning and zoning "unless the governing authority of such municipality or county shall, by ordinance or resolution, declare this act to be effective." p. 443.

The record discloses that the City of Augusta and the County of Richmond completed the acceptance of the 1957 act with its adoption by the county governing authority on February 2, 1960, the mayor and council of the city having previously adopted it on January 21, 1960. It is apparent, therefore, that, at the time the City-County Planning and Zoning Commission adopted the zoning resolution under consideration on January 11, 1960, it was acting under the 1951 act. That act provides that there shall be a planning and zoning commission for said county (referring to Richmond), appointed by the county governing authority and by the city council, the former appointing three members and the latter four, with the chairman of the governing authority of the county (the Board of Commissioners of Roads and Revenues) and the mayor of the city serving as ex officio members with power to vote. The act provides in section 3 that "The appointed members shall hold no other office or employment in either the county or in any municipality therein." This disqualified from membership Judge John H. Hardin, who held the office of Judge of the Juvenile Court of Richmond County. Hugh O. Busbia, who was designated by the Chairman of the Board of Commissioners to serve on the zoning commission, was likewise disqualified to serve, as the act provides that the chairman of the board shall be an ex officio member, but makes no provision for him to designate another to serve in his place. These two were among the five who voted to grant the zoning request, with four members voting against the resolution. Eliminating the two illegal votes, the resolution failed to carry by a vote of four to three.

The trial court properly held that the resolution of the zoning commission was void, and properly enjoined the Board of Commissioners from approving the resolution recommending

rezoning of the property to permit the sale of alcoholic beverages thereon.

Judgment affirmed. All the Justices concur.

SUBMITTED SEPTEMBER 12, 1960—DECIDED OCTOBER 6, 1960.

Franklin H. Pierce, for plaintiff in error.
P. H. Rowe, contra.

Judgment affirmed. All the Justices concur.